Sonya JASON, an individual, Plaintiff,

v.

Jane FONDA, an individual; Bruce Gilbert, an individual; Jerome Hellman, an individual; JPL Productions, Inc., a corporation; United Artists Corporation, a corporation; National Broadcasting Company, Inc., a corporation; Nancy Dowd, an individual; Robert C. Jones, an individual; Waldo Salt, an individual, Defendants.

No. CV 79–4723–RJK (Kx).

United States District Court, C. D. California.

Sept. 21, 1981.

---

Sonya Jason, in pro. per.

Silverberg, Rosen, Leon & Behr, Ronald S. Rosen and Robert M. Nau, Los Angeles, Cal., for defendants.

## MEMORANDUM OF DECISION AND ORDER

KELLEHER, District Judge.

This is an action for copyright infringement, unfair competition, misappropriation, and implied contract, brought by plaintiff Sonya Jason against the producers and broadcasters of the motion picture "Coming Home." The action was filed on December 6, 1979. Defendants are Jane Fonda, Bruce Gilbert, Jerome Hellman, Jerome Hellman Enterprises, Nancy Dowd, Robert C. Jones, Waldo Salt, United Artists Corporation, and National Broadcasting Company. Plaintiff claims that defendants infringed her copyright in a book entitled "Concomitant Soldier—Woman and War" (hereinafter "Concomitant Soldier") by producing, exhibiting and broadcasting over network television the theatrical motion picture entitled "Coming Home." Plaintiff's other three claims are pendent state law claims.

On May 11, 1981, defendants brought this motion for summary judgment on the grounds that as a matter of law plaintiff could not establish that defendants had access to the allegedly infringed book nor that the motion picture "Coming Home" was substantially similar to her book. Plaintiff opposed defendants' motion and defendants thereafter filed a reply memorandum. Plaintiff first argued that defendants' summary judgment motion was premature in that plaintiff sought further discovery that might assist her in opposing the motion. However, in the four months that have passed between the filing of defendants' motion and today's disposition, plaintiff neither sought additional discovery nor submitted additional support for her position. Indeed, defendants argue in their reply brief, and plaintiff does not suggest otherwise, that plaintiff's discovery is now complete. Therefore, the Court now is prepared to rule on the merits of defendants' summary judgment motion. The Court has

taken great care in reading the competing works, the parties' memoranda of points and authorities, and supporting exhibits and affidavits, and thus is fully informed.

■ For the purpose of their summary judgment motion, defendants do not contest plaintiff's ownership of a copyright in her book "Concomitant Soldier." Therefore, the only contested element of plaintiff's case is her allegation that defendants "copied" her work. A plaintiff may establish copying by showing (1) circumstantial evidence of access to the protected work and (2) substantial similarity of "ideas" and "expression" between the copyrighted work and the allegedly infringing work. *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1162 (9th Cir. 1977).

1. *Access*

■ Plaintiff fails completely to put in issue her allegation that the defendants had access to her book at any time prior to this lawsuit. Whether "access" be defined as the actual reading or knowledge of plaintiff's work by the defendants, *see Bradbury v. Columbia Broadcasting System, Inc.*, 287 F.2d 478, 479 (9th Cir. 1961), or as a "reasonable opportunity to view" the plaintiff's work, *Sid & Marty Krofft Television v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir. 1977), plaintiff has not controverted the explicit denial by each defendant that they had never heard of her book prior to the lawsuit. Indeed, all of the material facts relevant to the issue of access are undisputed. They are as follows. Defendants Fonda and Gilbert originally conceived of the idea for a film about Vietnam in the late sixties and early seventies following their tour of several military bases. Nancy Dowd began to write a screenplay for such a film in late 1972. Near the end of 1973, Dowd submitted her draft of the screenplay to Fonda and Gilbert, after which time she ceased to participate in the production of the film. Thereafter, Fonda and Gilbert hired Waldo Salt and Robert Jones to revise Dowd's screenplay. In January of 1977, filming for the motion picture began. It

was released in February of 1978 through United Artists. Finally, in 1979, NBC broadcast "Coming Home" over its television network.

Plaintiff Jason testified at her deposition that she wrote "Concomitant Soldier" over a span of 20 years. Jason financed the first printing of her book in April, 1974. The first printing consisted of approximately 1,100 copies. About half of these copies were sold by a representative in the New Jersey area. Another 100 or so copies were sold through Jason's church. Some 150 to 200 copies were defective and never sold. The remainder, claimed by plaintiff to consist of between 200 and 700 copies, were sold through Southern California booksellers. In December of 1977, several months *after* principal photography for the film had been completed, Jason submitted her book to Marcia Nasatir, an employee of United Artists. United Artists returned her book. Jason also claims to have submitted her book to NBC employees Rolf Gompertz and Mike Brockman. However, there is absolutely no evidence that NBC participated in any way in the production of "Coming Home."

Finally, Jason claims that Nancy Dowd, the original author of the movie screenplay, may have received a copy of her book from Jack Neumann of Paramount Pictures. In her deposition Jason asserts that she gave a copy of her book to Frank Capka in June, 1974, that Capka said he gave the copy to Neuman, and that Neuman allegedly told Capka that he gave it to Dowd. Not only does the timing of these alleged events *follow* the date on which Dowd completed her work on the screenplay, but Jason's assertion is multiple hearsay and could not be considered as admissible evidence. In sum, there is not one shred of evidence that any of the defendants who were involved in producing "Coming Home" had access to Jason's book during production except for plaintiff's undisputed claim that between 200 and 700 copies were available through various Southern California bookstores. That level of availability creates no more than a "bare possibility" that defendants

may have had access to plaintiff's book. In and of itself, such a bare possibility is insufficient to create a genuine issue of whether defendants copied plaintiff's book. *See, e. g., Ferguson v. National Broadcasting Co.,* 587 F.2d 111, 113 (5th Cir. 1978).

## 2. Substantial Similarity

■ Even assuming defendants had access to plaintiff's work, to prove copying by defendants plaintiff also must demonstrate that there is a substantial similarity, both of ideas and of the expression of ideas, between the copyrighted work and the allegedly infringing work. Under Ninth Circuit law, the district court may analyze similarity of idea and expression according to a two-step process. *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.,* 562 F.2d 1157, 1162–65 (9th Cir. 1977). The first step is the determination of whether there is a substantial similarity in the *ideas* used in the competing works. According to the *Krofft* court, this step is an "extrinsic test" because "it depends not on the responses of the trier of fact, but on specific criteria which can be listed and analyzed." *Id.* at 1164. The criteria in this case might include such characteristics of a written work as plot, themes, dialogue, mood, setting, pace and sequence. Since the extrinsic test focuses on a comparison of these abstracted criteria, "analytic dissection and expert testimony are appropriate." *Id.* Finally, the determination of whether there is substantial similarity of *ideas* is a question which "may often be decided as a matter of law." *Id.*

The second step is the determination of whether there is substantial similarity between the *forms of expression* present in each work. Where there is substantial similarity in ideas between the works, the trier of fact must decide whether the authors' expression of the ideas is substantially similar. This step of the analysis is labelled the "intrinsic test" because it depends on "the response of the ordinary reasonable person." *Id.*

■ Substantial similarity in copyright infringement actions is a question of fact uniquely suited for determination by the trier of fact. *Walker v. University Books, Inc.,* 602 F.2d 859, 864 (9th Cir. 1979). However, summary judgment is proper when the Court determines that the similarity between works is insubstantial as a matter of law. 3 Nimmer, *The Law of Copyright*, § 12.10, at 12–63 (1979). In other words, the Court may grant summary judgment if it determines that no reasonable trier of fact could find that the plaintiff has satisfied both of the *Krofft* tests.

■ The allegedly infringed book, "Concomitant Soldier," and the "combined continuity" of the allegedly infringing motion picture "Coming Home" are before the Court, along with the parties' comparisons regarding the issue of "substantial similarity." The Court has read these two works and finds the similarity between them insubstantial as a matter of law. Although both works deal generally with subjects such as morality and the effects of war on women, injured veterans and soldiers, these ideas are not protectable in and of themselves. 17 U.S.C. § 102(b); *see, e. g. Becker v. Loews,* 133 F.2d 889 (7th Cir. 1943), *Nichols v. Universal Pictures Corp.,* 45 F.2d 119, 121 (3d Cir. 1930). Indeed, they have been the subject of countless works dating back for centuries. There are, furthermore, substantial differences between the works in the use of contexts, characters, and language through which these ideas are developed. Moreover, although plaintiff claims that there are several particular similarities between the works, these consist of the use of similar but unprotectable ideas, of commonly cited historical facts, of sequences which necessarily follow from a common theme (scenes a faire), or of other unprotectable characteristics. Thus, without exception, when analyzed as an entire work, the motion picture "Coming Home" is, as a matter of law, substantially dissimilar to plaintiff's book when tested under either of the *Krofft* tests. Accordingly, defendants' motion for summary judgment is hereby granted and plaintiff's claim for copyright infringement is dismissed with prejudice.

 Although the Court has subject matter jurisdiction of an unfair competition claim when it is joined with a substantial and related claim under the copyright laws, 28 U.S.C. § 1338(b), in the exercise of its discretion, the Court may dismiss the pendent claim when the federal claim is dismissed prior to trial. *Wham-O-Mfg. Co. v. Paradise Mfg. Co.*, 327 F.2d 748, 753 (9th Cir. 1964). Accordingly, defendants' motion to dismiss plaintiff's pendent claims for unfair competition, misappropriation, and implied contract, is granted.