John William SEE, Plaintiff-Appellant,

v.

Christopher DURANG and L.A. Stage Company, Defendants-Appellees.

No. 82–6102.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 7, 1983.

Decided July 22, 1983.

John R. Fuchs, Mulryan & Fuchs, Santa Monica, Cal., for plaintiff-appellant.

Edmund S. Schaffer, Beverly Hills, Cal., Stern & Miller, Santa Monica, Cal., for defendants-appellees.

Before BROWNING, Chief Judge, CHOY and FERGUSON, Circuit Judges.

PER CURIAM:

The district court granted summary judgment for defendants-appellees on the ground that no reasonable person could find any substantial similarity of expression between plaintiff's "Fear of Acting" and defendant's "The Actor's Nightmare." We affirm.

I.

■ Summary judgment was appropriate. Plaintiff has cited no authority for the contention that the court must always view a production of the play, rather than relying solely on the script. That course might be desirable where the question of substantial similarity is close, but here it is not. In any event, it was not alleged that defendant copied his play from the revised version of plaintiff's play, which plaintiff wished to have performed for comparison, but instead from plaintiff's first draft, which was before the court.

■ The court properly concluded that judgment should not be deferred to afford plaintiff an opportunity to present evidence at trial that defendant had previously copied another author's play, which defendant denied. Had the case been tried, the court could have excluded such evidence as minimally relevant and presenting serious problems of delay and confusion.

Summary judgment did not preclude reasonable discovery. The only discovery plaintiff suggests is the production of early drafts of defendant's play on the theory they might reflect copying from plaintiff's play that was disguised or deleted in later drafts. Copying deleted or so disguised as to be unrecognizable is not copying.

II.

■ No special standard is applied in determining whether summary judgment is appropriate on the issue of substantial similarity of expression in a copyright case.

Contrary to plaintiff's contention, *Sid & Marty Krofft Television Productions v. McDonald's Corp.,* 562 F.2d 1157 (9th Cir.1977), does not hold that summary judgment is always inappropriate on the issue of substantial similarity of expression if there is a substantial similarity of ideas. Plaintiff offers neither authority nor reason supporting such a *per se* rule. Summary judgment is proper if reasonable minds could not differ as to the presence or absence of substantial similarity of expression. *Jason v. Fonda,* 698 F.2d 966 (9th Cir.1982), *incorporating by reference Jason v. Fonda,* 526 F.Supp. 774, 777 (C.D.Cal.1981). *Sid & Marty Krofft,* 562 F.2d at 1165 (9th Cir.1977), rejected the suggestion in *Arnstein v. Porter,* 154 F.2d 464, 473 (2d Cir.1946), that summary judgment can be granted for the defendant only if the similarities are "trifling."

■ We also disagree with plaintiff's contention that the district court improperly applied the "scenes a faire" doctrine. The court's characterization of the doctrine as relating to unprotected "*ideas*" may have been technically inaccurate, but the court properly applied the doctrine to hold unprotectable forms of expression that were either stock scenes or scenes that flowed necessarily from common unprotectable ideas. "Common" in this context means common to the works at issue, not necessarily, as plaintiff suggests, commonly found in other artistic works. Nor has the doctrine "fallen into disuse in this circuit" as plaintiff suggests. *See Jason v. Fonda,* 698 F.2d 966, *incorporating by reference* 526 F.Supp. at 777.

■ The district court correctly concluded that no reasonable trier of fact could find the two plays to be substantially similar in their form of expressing common ideas.

Although our reasons differ from those of the district court with respect to a few of the alleged similarities relied upon by plaintiff, we have no difficulty joining in the district court's conclusion as to each of these alleged similarities.

Alleged similarities one, two, four, five, six, seven, eight, nine, twelve, and nineteen follow obviously from the unprotected idea of a surprised understudy, and are therefore unprotected "scenes a faire."

Alleged similarities ten, thirteen, fourteen, fifteen, sixteen, seventeen, and twenty are not in fact similarities. There is no similarity between the life-size cut-outs on stage and flash bulbs going off in the audience; Potter does not try to explain to the audience what is going on as the accountant does; the references to Jane Fonda are entirely different; in plaintiff's play, Potter must fill three roles at once, while in defendant's play additional understudies are introduced, none of whom shares the accountant's confusion; completely different types of characters are shown reading lines from a script; and the death scene and the clue to the audience that a dream may be involved are not related in time or logic in plaintiff's play in the same way they are in defendant's play.

The remaining five similarities are not sufficient to convince any reasonable trier of fact that the plays are substantially similar. The two plays differ substantially in their treatment of the surprised understudy. In plaintiff's play, Potter's predicament is one of many illustrations of actors' fears, not the focus of the play, and the dominant emotion during her performance is the humiliation of performing incompetently. In defendant's play, the accountant is not one of several examples, but the central figure with whom the audience identifies, and the dominant emotion is not humiliation but an *Alice in Wonderland*-like bewilderment about what is going on and why no one else seems to think it strange.

■ Plaintiff argues the district court erred by comparing the plays "as a whole" in addition to considering the alleged similarities individually, because copying of only a portion of another's work constitutes infringement. The cases plaintiff cites establish only that where substantial similarity in protected expression does exist, it is not excused by the presence of additional, dissimilar material. *See, e.g., Walt Disney*

*Productions v. Air Pirates,* 581 F.2d 751 (9th Cir.1978) (copying cartoon figures in adult counter-culture comic books); *Universal Pictures Co. v. Harold Lloyd Corp.,* 162 F.2d 354, 361 (9th Cir.1947) (reproduction of one sequence from a film). Here the district court correctly found no substantial similarities in the manner in which protected ideas were expressed. In arriving at this conclusion, it was entirely appropriate to view the individual similarities together and in context since, as plaintiff himself insists, substantial similarity in the expression of an idea may appear from the mood evoked by the work as a whole. *Sid & Marty Krofft,* 562 F.2d at 1169; *Roth Greeting Cards v. United Card Co.,* 429 F.2d 1106, 1109–10 (9th Cir.1970). The district court's analysis excluded neither the possibility of substantial similarity that was partial, nor substantial similarity that arose from the cumulation of individually trivial similarities.

### III.

We deny defendant's request for an award of attorney's fees pursuant to 17 U.S.C. § 505. Although plaintiff's argument on substantial similarity was weak, we do not consider the appeal frivolous in light of the relatively strict approach this court has taken to summary judgment in copyright cases.

The judgment is AFFIRMED.