**LASERCOMB AMERICA, INC., Plaintiff,**

v.

**HOLIDAY STEEL RULE DIE CORPORATION, Larry Holliday, and Job Reynolds, Defendants.**

**No. C–86–197–G.**

United States District Court, M.D. North Carolina, Greensboro Division.

March 26, 1987.

Betty J. Pearce and Peter F. Chastain of the firm of Turner, Enochs, Sparrow & Boone, P.A., Greensboro, N.C., and Lee Carl Bromberg and Margaret M. Geary and Judith R.S. Stern of the firm of Bromberg, Sunstein & McGregor, Boston, Mass., for plaintiff.

Rick F. Shumate of the firm of Schlosser and Garner, Greensboro, N.C., and Boris Haskell of the firm of Paris & Haskell, Arlington, Va., for defendants.

**MEMORANDUM OPINION AND ORDER**

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on Plaintiff's Motion for Summary Judgment

(December 1, 1986) pursuant to Rule 56 of the Federal Rules of Civil Procedure. The case involves the alleged copyright infringement of a computer software program in violation of 17 U.S.C. § 501(a), along with claims of breach of contract, misappropriation of trade secret, false designation of origin in violation of 15 U.S.C. § 1125(a), unfair competition in violation of N.C.Gen.Stat. § 75–1.1, and fraud. In addition, defendants have filed counterclaims alleging breach of contract, injurious falsehood and trade defamation, unfair competition by competitive disparagement, malicious institution of a civil action, and unfair deceptive trade practices in violation of N.C.Gen.Stat. § 75–1.1. Finding that the undisputed facts establish copyright infringement, the Court will grant plaintiff's motion as to this claim.

## FACTS

In early 1983, plaintiff Lasercomb America, Inc. licensed defendant Holiday Steel Rule Die Corporation [hereinafter the defendant corporation or Holiday] to use its copyrighted software program "Interact" for computer-aided design and manufacturing in the steel rule die business. Specifically, plaintiff sold four licenses to the defendant corporation to use four Interact systems. To aid defendant's use of the program, plaintiff's personnel trained defendant Job Reynolds, the defendant corporation's computer specialist, in its operation and use. Plaintiff contends that through this use of the program Reynolds became fully familiar with its software system, including the trade secrets, confidences, and proprietary intellectual and property rights contained therein. (Plaintiff's Memorandum in Support of Motion for Summary Judgment at 2) [hereinafter (Plaintiff's Memorandum)].

Late in 1985, the defendant corporation and its president, defendant Larry Holliday, began marketing their own software program called "PDS–1000". Following investigation, officials of the plaintiff corporation concluded that the PDS–1000 was nothing more than a wrongfully copied version of its Interact system, marketed in violation of both the copyright laws of the United States and plaintiff's rights under its licensing agreement with the defendant corporation. (*Id.*). Based on this conclusion, plaintiff filed this action in United States District Court for the Middle District of North Carolina on March 7, 1986, against the defendant corporation, its president, and its computer specialist. In addition, plaintiff moved for a temporary restraining order pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

On March 24, 1986, this Court granted plaintiff's motion for a preliminary injunction, finding "[r]easonable grounds ... to support a finding that defendant may have violated plaintiff's copyright protections and other proprietary interests." *Lasercomb America, Inc. v. Holiday Steel Rule Die Corp.*, No. C–86–197–G, Memorandum Order at 3 (M.D.N.C. March 24, 1986) [Available on WESTLAW, DCTU database]. Specifically, the Court prohibited defendants from "[p]ublishing, selling, marketing, or otherwise disposing of any copies of the Holiday PDS–1000 software system...." *Id.* at 4. In addition, the Court ruled that the injunction "remain in full force and effect until *final hearing* of this cause and until further order of this court." *Id.* at 5 (emphasis added).

Following extensive discovery, plaintiff filed a motion for summary judgment pursuant to Rule 56 on December 1, 1986, alleging that the undisputed facts entitle it to judgment as a matter of law under 17 U.S.C. § 501(a). In response, defendants briefly cited the "difficult and complex considerations as to the scope and purpose of the copyright protection to be afforded in th[e] area [of computer software programs] under the copyright statute." (Defendants' Response and Opposition to Plaintiff's Motion for Summary Judgment ¶ 5).

## DISCUSSION

Generally, summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). However, "the moving party ... ha[s] the burden of showing the *ab-

*sence* of a genuine issue as to any material fact...." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970) (emphasis added). Yet, "the movant may discharge his burden by demonstrating that if the case went to trial there would be *no* competent evidence to support a judgment for his opponent." 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727, at 130 (2d ed. 1983) (emphasis added).

### I.

In order to prove a case of copyright infringement, a plaintiff must establish two essential elements. First, he must persuade the Court that he *owned* copyrighted material. *Plains Cotton Cooperative Ass'n of Lubbock, Texas v. Goodpasture Computer Service, Inc.*, 807 F.2d 1256, 1260 (5th Cir.1987) (emphasis added) (citing *Miller v. Universal City Studios*, 650 F.2d 1365, 1375 (5th Cir.1981)). Second, he must demonstrate that the defendant *copied* that material. *Id.* (emphasis added). Only after establishing *both* of these elements may plaintiff prevail. *See also* 3 M. Nimmer, *Nimmer on Copyright* § 13.01 (1986). [hereinafter *Nimmer on Copyright*].

### A. *Ownership*

■ To prove the first element of its copyright infringement claim, plaintiff must establish the material's originality and its copyrightability, along with its compliance with applicable statutory formalities. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 387 (5th Cir.1984). Apparently, defendants do not contest the originality of plaintiff's program. In addition, the Fourth Circuit, after examining the legislative history of the Copyright Act

of 1976, recently noted that "computer programs are not to be denied copyrightability as a 'process,' or 'system,' precluded from registration under section 102(b)." *M. Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 435, *reh'g denied*, 783 F.2d 421 (4th Cir.1986) [hereinafter *Kramer* ] (citing *Apple Computer, Inc. v. Franklin Computer Corp.*, 714 F.2d 1240, 1250–51 (3d Cir.), *cert. denied*, 464 U.S. 1033, 104 S.Ct. 690, 79 L.Ed.2d 158 (1984)). Therefore, the only matter of contention is whether plaintiff complied with the applicable statutory formalities mandated by the Copyright Act of 1976.

■ The law of this circuit recognizes that a certification of copyright "is prima facie proof of the validity of the plaintiff's copyright...." *Id.* at 434. *See also* 17 U.S.C. § 410(c) (mandating that "the certificate of a registration ... shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate"). In this case, plaintiff registered for copyright protection for Interact and received a Certificate of Copyright Registration on February 18, 1986. *See* (Plaintiff's Exhibit # 1), *attached to* (Plaintiff's Verified Complaint). Therefore, "in disputing the validity of such copyright ..., [the *defendants* ] have the burden of overcoming the presumption arising out of the granting of the copyright by the Copyright Office." *Kramer*, 783 F.2d at 434 (emphasis added).

In contesting this presumption, defendants argue that "[plaintiff] never applied a copyright notice to its published software ...," in violation of 17 U.S.C. § 401(c). *See* (Defendants' Memorandum in Response and Opposition to Plaintiff's Motion for Summary Judgment at 15) [hereinafter (Defendants' Memorandum) ].[1] Specifical-

---

1. With respect to computer software programs, the Code of Federal Regulations provides that each of the following constitute examples of acceptable methods of affixation and position of notice:

(1) A notice embodied in the copies in machine-readable form in such a manner that on visually perceptible printouts it appears either with or near the title, or at the end of the work;

(2) A notice that is displayed at the user's terminal at sign on;

(3) A notice that is continuously on terminal display; or

(4) A legible notice reproduced durably, so as to withstand normal use, on a gummed or other label securely affixed to the copies or to a box, reel, cartridge, cassette, or other container used as a permanent receptacle for the copies.

37 C.F.R. § 201.20(g).

ly, they contend that plaintiff failed to provide appropriate notice as listed in 37 C.F.R. § 201.20(g) (1986). On the other hand, plaintiff points out that the Interact User Guide, (Plaintiff's Exhibit # 2), states on the title page, "Copyright LASERCOMB AMERICA INC., 1983." (Plaintiff's Reply Memorandum in Support of Motion for Summary Judgment at 5) [hereinafter (Plaintiff's Reply Memorandum) ].[2] In addition, the Code of Federal Regulations provides that "the examples specified in [37 C.F.R. § 201.20(g) ] shall *not* be considered exhaustive of methods of affixation and positions giving reasonable notice of the claim of copyright." 37 C.F.R. § 201.-20(a)(1) (emphasis added).

By way of affidavit, defendant Reynolds stated, "Prior to the filing of this lawsuit, I was not aware that plaintiff claimed a copyright in its Interact CAD/CAM software program." (Defendants' Exhibit C, ¶ 6), *attached to* (Defendants' Memorandum). However, Reynolds admitted at deposition that he "receive[d] a complete set of th[e] manuals." (Plaintiff's Exhibit F.1), *attached to* (Plaintiff's Reply Memorandum). Therefore, this issue turns on whether applying a copyright notice to these manuals satisfied the mandate of section 401(c).

In support of its motion, plaintiff advances the "unit publication doctrine" applied by the Fourth Circuit in *Koontz v. Jaffarian,* 787 F.2d 906 (4th Cir.1986). Basically, this doctrine recognizes that, "[i]n proper circumstances, linked elements of a publication should be *collectively protected* ...." *Id.* at 909 (emphasis added). Applying the doctrine, the *Koontz* court upheld protection of the *software* based on notice affixed to *manuals.*

■ Similarly, Interact received copyright protection by virtue of the notice affixed to the accompanying manuals. The *Koontz* court specifically based its application of the unit publication doctrine on its

finding that "the elements of the publication form a *single commercial unit." Id.* (emphasis added). However, the Court need not make such a finding in this case because defendant Reynolds *admitted* at deposition that he received a complete set of the manuals along with the Interact disks. *See* (Plaintiff's Exhibit F. 1). Therefore, the undisputed facts in the record establish copyright protection for plaintiff's Interact system.

### B. *Copying*

In addition to proving copyright protection, plaintiff must also establish that defendants infringed that protection by copying the protected material. Generally, a plaintiff in a copyright case proves this element indirectly by using a judicially created inference. 3 *Nimmer on Copyright* § 13.01[B], at 13–6. This presumption arises from proof "that the defendant [1] had *access* to plaintiff's work and [2] produced a work that is *substantially similar* to the plaintiff's work." *Kramer,* 783 F.2d at 445 (emphasis added) (citing 3 *Nimmer on Copyright* § 13.01[B] ). Alternatively, plaintiff may avoid the need for this presumption by offering direct evidence of copying.

In the case *sub judice,* the parties do not dispute that defendants had *access* to plaintiff's work. Instead, the issue focuses upon whether defendants produced a work that is *substantially similar* to plaintiff's work. To support its case, plaintiff points to defendants' admission in their brief that "three experts have examined both the Interact and the PDS source codes, and they all agree that in large measure the two codes are *very much alike...." (Defend-*ants' Memorandum at 4) (emphasis added). In fact, defendants admit that the experts all conclude that the two source codes *"could not have* been independently written." (*Id.* at 11) (emphasis added). Based

---

2. In addition, the title page of the User Guide states, "This Document refers to proprietary computer software which is *protected by copyright.* All rights are reserved. Copying or other reproduction of this program except for archival purpose is prohibited without the prior writ-

ten consent of LASERCOMB AMERICA INC." (Plaintiff's Exhibit # 2) (emphasis added). Also, identical notices appear on the title pages of the Interact Blueprint User Guide and the Interact Reference Guide. *See* (Plaintiff's Exhibit # 2).

on this admission, plaintiff argues that "Reynolds copied PDS–1000 source code *directly* from Interact source code...." (Plaintiff's Reply Memorandum at 3) (emphasis added).[3]

On the other hand, defendants contend that Holiday "sought to create its own product, its own program through a very laborious and expensive process." (Defendants' Memorandum at 6) (citing (Defendants' Exhibit A); (Defendants' Exhibit B, ¶¶ 3–4); (Defendants' Exhibit C, ¶ 8)). Furthermore, they argue "that Reynolds constructed the PDS source code from information freely provided to defendant when it bought the Interact software." (*Id.* at 11). However, the Third Circuit has noted "that copyright protection extends to [both] a program's source and object codes." *Whelan Assoc. v. Jaslow Dental Laboratory*, 797 F.2d 1222, 1233 (3d Cir. 1986). Moreover, "the fact that it [took] a great deal of effort to copy a copyrighted work does not mean that the copier is not a copyright infringer." *Id.* at 1237. Instead, the issue "is simply whether the copyright holder's expression has been *copied*, not how difficult it was to do the copying." *Id.* (emphasis added).

In reviewing a grant of summary judgment in a copyright case, the Ninth Circuit noted that "[n]o special standard is applied in determining whether summary judgment is appropriate on the issue of substantial similarity of expression...." *See v. Durang*, 711 F.2d 141, 142 (9th Cir.1983). On one hand, the *See* court rejected the assertion that "summary judgment is *always* inappropriate on th[is] issue...." *Id.* at 143 (emphasis added). Instead, "[s]ummary judgment is proper if reasonable minds could not differ as to the *presence or absence* of substantial similarity of expression." *Id.* (emphasis added) (citing *Jason v. Fonda*, 698 F.2d 966 (9th Cir.1982), incorporating by reference *Jason v. Fonda*, 526 F.Supp. 774, 777 (C.D.Cal.1981)).

■ In this case, the undisputed facts indicate that defendant Reynolds *copied* plaintiff's expression manifested in Interact. Not only did he have *access* to the program, but Reynolds constructed a program which *all* the evidence in the case indicates was *substantially similar* if not identical to Interact. In other words, reasonable minds could not differ as to the *presence* of substantial similarity of expression. Therefore, having established the elements of plaintiff's copyright infringement claim, the record mandates a judgment as a matter of law in its favor.

The Court would also note that defendants' assertion of a misuse of copyright defense fails to create a genuine issue of fact. The question whether plaintiff's form contract, (Defendants' Exhibit 0), "is a clear violation of the federal antitrust laws ...," (Defendants' Memorandum at 41), lies outside the scope of this case because the undisputed evidence indicates that this form contract was *not* used by plaintiff in its dealings with the defendant corporation. Therefore, the required nexus between plaintiff's claim and defendants' defense does not exist.

II.

As to plaintiff's other claims and defendants' counterclaims, the Court will deny plaintiff's motion at this time. These claims appear to be tag-along claims to plaintiff's copyright cause of action. Therefore, since the liability issue on the primary claim has been decided in plaintiff's favor, the case now appears ripe for settlement. Thus, these secondary claims may no longer have much importance in the resolution of this case.

Since the case might continue despite this Order, the Court believes that judicial economy will best be served by ordering the parties to specifically file notice of the claims and counterclaims upon which they continue to rely within thirty (30) days of the date of this Order.[4] Any claim or coun-

---

3. Also based on this admission, the Court neither unsealed nor considered the Special Master's Report (July 10, 1986) of Professor Weiss.

4. In addition, either party may file a meritorious motion for summary judgment as to plaintiff's damages under the copyright claim if supported by undisputed facts in the record.

terclaim not included in such notice will be summarily dismissed as abandoned. In addition, following this thirty (30) day period, the parties may file and brief any meritorious summary judgment motions within another period of thirty (30) days.[5] Responses to such motions, if any, shall be due within twenty (20) days thereafter.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Summary Judgment be, and the same hereby is, GRANTED as to liability on Claim I and DENIED, without prejudice, in all other respects.

IT IS FURTHER ORDERED that notice of reservation of claims be filed within thirty (30) days of the date of this Order.

IT IS FURTHER ORDERED that, following the aforementioned thirty (30) day period, the parties shall have thirty (30) days to file briefs and motions for summary judgment on the reserved claims, and that responses to such motions be filed within twenty (20) days thereafter.

---

5. The Court would emphasize that any motion not *substantially* supported by an accompanying brief which *specifically* addresses the basis for the motion will be treated as violative of Local Rule 203.