HARRIS CUSTOM BUILDERS,
INC., Plaintiff,

v.

Richard HOFFMEYER, Defendant
and Third–Party Plaintiff,

v.

Evan A. HARRIS, Third–
Party Defendant.

No. 90 C 0741.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 2, 1995.

James P. Hanrath, Thomas Raymond Vigil, Vigil & Hanrath, Barrington, IL, Holland Clark Capper, Holland C. Capper, Ltd., Chi-

cago, IL, for Harris Custom Builders Inc., Evan A. Harris.

Marshall Arthur Burmeister, Francois N. Palmatier, Burmeister, York, Palmatier, Hambry & Jones, Chicago, IL, Anthony S. Zummer, Palmatier & Zummer, Chicago, IL, for Richard Hoffmeyer.

Bruce A. Brennan, Huber & Brennan, Winfield, IL, for Nicholas Deluca, Nicholas Deluca & Associates.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

Plaintiff Harris Custom Builders, Inc. ("Harris Builders") filed this action against defendant Richard Hoffmeyer claiming copyright infringement. Defendant Hoffmeyer then brought a counterclaim against defendant Harris Builders and a third-party complaint against third-party defendant Evan A. Harris, Harris Builders' president, alleging violations of federal racketeering laws and asserting a claim of fraud.

The court previously dismissed both defendant Hoffmeyer's counterclaim and the third-party complaint. Presently before the court are the remaining parties' cross-motions for summary judgment. For the reasons stated below, plaintiff Harris Builders' motion for summary judgment is granted and defendant Hoffmeyer's motion for summary judgment is denied.

## BACKGROUND

Plaintiff Harris Builders is in the business of the development of architectural design plans and drawings for the construction of custom built residential homes. Harris Builders' underlying copyright infringement claim is based upon the allegations that defendant Hoffmeyer copied Harris Builders' copyrighted architectural drawings for use in the construction of a residence called "English Manor." Plaintiff has secured the exclusive rights and privileges in the English Manor architectural design plans and drawings by registering its copyright with the Registrar of Copyrights.[1] Plaintiff has ob-

tained a Certificate of Registration for its copyright identified as Registration No. VAU 149–275 dated January 31, 1989.[2]

Plaintiff alleges that defendant built a house substantially identical to the house depicted in plaintiff's copyrighted architectural drawings. Plaintiff claims that it obtained a copy of the drawings for the house defendant built and found that those drawings were substantially identical to plaintiff's copyrighted drawings, particularly with respect to the outside appearance, the general layout of the rooms, the locations of the fireplaces and one staircase, the approximate dimensions of the rooms, and the types, locations and sizes of the windows and doors. Plaintiff's copyright claim has been the subject of two motions for summary judgment filed by defendant Hoffmeyer. This court denied both. See Orders of Feb. 27, 1992 and Oct. 9, 1992.

In defendant Hoffmeyer's counterclaim and third-party complaint, Hoffmeyer alleged that plaintiff Harris Builders committed fraud on the copyright office when applying for a copyright and engaged in racketeering behavior by seeking to enforce a copyright which Harris allegedly knew was invalid. According to Hoffmeyer, the fraud allegedly occurred when Harris Builders, on the application for registration of the copyright, listed itself as the author of the drawings without mentioning Maxwin Heimann, who for the most part, created the drawings. Both parties have now filed cross-motions for summary judgment on the issue of defendant Hoffmeyer's liability for copyright infringement.

## ANALYSIS

### I. Standard For Review

Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. Pro. 56(c). In ruling on a motion for summary judgment, the evidence of the non-

---

**1.** *Second Amended Complaint,* Exhibit B.

**2.** *Second Amended Complaint,* Exhibit A.

movant must be believed and all justifiable inferences must be drawn in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial.

## II. *Elements of a Copyright Infringement Claim*

■ In order to prevail in a copyright infringement action, a plaintiff must demonstrate both " '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Wildlife Express Corp. v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507 (7th Cir.1994) (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 361, 111 S.Ct. 1282, 1296, 113 L.Ed.2d 358 (1991)). A certificate of copyright registration from the U.S. Register of Copyrights constitutes prima facie evidence of the validity of the copyright. 17 U.S.C. § 410(c). However, this presumption in favor of validity is rebuttable; once the certificate has been produced, the burden shifts to the defendant to demonstrate that the copyright is in fact invalid. *Wildlife Express,* 18 F.3d at 507.

"An owner of a copyright is protected against unauthorized copying." *Id.* at 508 (citing *Mazer v. Stein,* 347 U.S. 201, 218, 74 S.Ct. 460, 470, 98 L.Ed. 630 (1954)). When direct evidence of copying is lacking, "copyright infringement may be inferred when it is shown that 'the defendant had access to the copyrighted work, and the accused work is substantially similar to the copyrighted work.'" *Wildlife Express,* 18 F.3d at 508 (quoting *Atari, Inc. v. North American Philips Consumer Elecs. Corp.,* 672 F.2d 607, 614 (7th Cir.), *cert. denied,* 459 U.S. 880, 103 S.Ct. 176, 74 L.Ed.2d 145 (1982)).

### A. *Validity*

■ Defendant Hoffmeyer attempts to challenge the validity of plaintiff's copyright of the architectural drawings by arguing again, as he alleged in his dismissed counterclaims, that plaintiff knowingly misrepresented material facts on the copyright application to intentionally deceive the Copyright Office. Defendant once again, however, has not presented any evidence indicating that plaintiff deliberately failed to notify the Copyright Office of any facts which would have caused plaintiff's copyright application to be rejected. *See* Orders of February 27, 1992 and July 7, 1994.

Hoffmeyer contends that Harris knowingly misrepresented material facts on its copyright application for the English Manor architectural drawings to intentionally deceive the Copyright Office by listing Harris Builders as the author of the drawings without mentioning Maxwin Heimann, the individual who, for the most part, prepared the drawings. Hoffmeyer again argues that because Heimann was "an independent contractor" for Harris Builders at the time he prepared the drawings, Harris Builders' designation of itself as the author of the drawings in its copyright application was fraudulent under the standard established by the Supreme Court in *Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 753, 109 S.Ct. 2166, 2179–80, 104 L.Ed.2d 811 (1989). This court has, however, already rejected this argument.

While it is true that the Supreme Court held in *Reid* that the "work for hire" provision of 17 U.S.C. § 101 generally applies only to works produced by employees of an entity, not to those created by independent contractors such as Heimann, the *Reid* decision was issued in June 1989, more than four months after Harris Builders completed the copyright registration process. Before the Supreme Court's decision in *Reid,* the case law was unclear and conflicting as to whether a work produced by an independent contractor could be copyrighted by the hiring party as "a work made for hire." [3]

For example, in *Evans Newton, Inc. v. Chicago Systems Software,* 793 F.2d 889 (7th Cir.), *cert. denied,* 479 U.S. 949, 107 S.Ct.

---

**3.** *See Reid,* 490 U.S. at 736 n. 2, 109 S.Ct. at 2170–71 n. 2 (detailing holdings of various courts of appeals).

434, 93 L.Ed.2d 383 (1986), the Seventh Circuit ruled that a hiring party could claim authorship of work produced by an independent contractor if the hiring party exercised a sufficient degree of control or supervision over the independent contractor's creation of the work. *Id.* at 894. Therefore, as this court previously held, the fact that the Supreme Court's interpretation of the law later undercut Harris' position, does not convert Harris' conduct, which was supported by the law as it existed at the time, into fraud.

■ Defendant also argues that because plaintiff included abbreviated and incomplete first and second floor plans and a sketch of the front exterior of the English Manor house in a Baird & Warner promotional sales brochure which was not copyrighted, the copyrighted blueprints upon which the brochure was based are no longer protected. The court, however, disagrees and finds that the entry of the sales brochure into the public domain does not affect the copyright protection of the underlying drawings.

■ The sales brochure is considered to be a derivative work, that is, a work based upon one or more preexisting works. 17 U.S.C. § 101. The law is clear that the publication of a derivative work does not affect the validity of a copyright in the preexisting work on which the derivative work is based, despite the incorporation of the underlying work into the derivative work. *Stewart v. Abend,* 495 U.S. 207, 235, 110 S.Ct. 1750, 1767, 109 L.Ed.2d 184 (1990) ("[N]either the scope of the copyright ... nor the duration of the copyright in the original work is undermined by publication of the derivative work."). Copying of material in the derivative work, which is also contained in the underlying work, constitutes infringement of the copyright in the underlying work. *Id. See also, Russell v. Price,* 612 F.2d 1123, 1128 (9th Cir.1979), *cert. denied,* 446 U.S. 952, 100 S.Ct. 2919, 64 L.Ed.2d 809 (1980) ("The established doctrine prevents unauthorized copying or other infringing use of the underlying work or any part of that work contained in the derivative product so long as the underlying work itself remains copyrighted."). "Thus, although the derivative work may enter the public domain, the matter contained therein which derives from a work still covered by statutory copyright is not dedicated to the public." *Id.* The court therefore concludes that as a matter of law defendant has failed to demonstrate that plaintiff's copyright for the English Manor architectural drawings is invalid.

#### B. *Access*

■ Access exists when the defendant had the opportunity to view the protected material. *Wildlife Express,* 18 F.3d at 508 n. 5 (citations omitted). In this case, defendant Hoffmeyer does not dispute that he used the Baird & Warner sales brochure, which contained an abridged version of the copyrighted architectural drawings, as a basis for his drawings. Therefore, the court finds that defendant had access to the copyrighted material.

#### C. *Substantial Similarity*

■ The test of substantial similarity involves two inquiries: "copying of the plaintiff's work and improper appropriation of the work." *Id.* "It has long been settled that a plaintiff cannot succeed in his proof if (1) the similarities between the works are not sufficient to prove copying, or (2) it is established that one work was arrived at independently without copying." *Wildlife Express,* 18 F.3d at 508 (citing *Alfred Bell & Co. v. Catalda Fine Arts,* 191 F.2d 99, 103 (2d Cir.1951)).

In the Seventh Circuit, "the determination whether there is substantial similarity is made by the 'ordinary observer' test: 'whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value.'" *Wildlife Express,* 18 F.3d at 509 (quoting *Atari,* 672 F.2d at 614). "[T]wo works are substantially similar if 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'" *Wildlife Express,* 18 F.3d at 509 (quoting *Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487, 489 (2d Cir.1960)). "It has been said that this test does not involve 'analytic dissection and ex-

pert testimony,' *Arnstein* [*v. Porter*], 154 F.2d 464, 468 (2d Cir.1946), but depends on whether the accused work has captured the 'total concept and feel' of the copyrighted work, *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1110 (9th Cir.1970)." *Atari*, 672 F.2d at 614.

"Although numerous differences influence the impressions of ordinary observer, 'slight differences between a protected work and an accused work will not preclude a finding of infringement' where the works are substantially similar in other respects." *Atari*, 672 F.2d at 618 (quoting *Durham Industries, Inc. v. Tomy Corp.*, 630 F.2d 905, 913 (2d Cir.1980)). "Exact reproduction or near identity is not necessary to establish infringement." *Atari*, 672 F.2d at 618. *See also, Wildlife Express*, 18 F.3d at 511 ("The Act does not require identical copying, only substantial similarity."). "The *sine qua non* of the ordinary observer test ... is the overall similarities rather than the minute differences between the two works." *Atari*, 672 F.2d at 618 (citations omitted). "When analyzing two works to determine whether they are substantially similar, courts should be careful not to lose sight of the forest for the trees." *Id.* In this circuit, when reviewing the materials at issue for substantial similarity, the court permits a "side-by-side" comparison and an "ocular comparison" of the works being analyzed. *Wildlife Express*, 18 F.3d at 506–07 n. 1 (citations omitted).

The court notes that summary judgment is not favored on the question of substantial similarity in copyright cases. *See e.g., Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 n. 3 (9th Cir.1994). Summary judgment is proper, however, "if reasonable minds could not differ as to the presence or absence of substantial similarity of expression." *See v. Durang*, 711 F.2d 141, 142 (9th Cir.1983). *See also, Shaw v. Lindheim*, 919 F.2d 1353, 1355 (9th Cir.1990) ("Where reasonable minds could differ on the issue of substantial similarity ... summary judgment is improper."); *Pivot Point Int'l v. Charlene Prods., Inc.*, No. 90 C 6933, 1994

WL 330347, at *2, 1994 U.S. Dist. LEXIS 8993 at *13 (N.D.Ill. June 29, 1994) (summary judgment granted in favor of plaintiff after finding that the items were substantially similar such that no reasonable ordinary observer could find to the contrary).

In this case, although defendant Hoffmeyer points to numerous "differences" between the two architectural drawings, after careful comparison, the court finds that any reasonable ordinary observer must conclude that the architectural drawings are substantially similar.[4] Overlaying each transparency sheet of plaintiff's copyrighted drawings upon the corresponding sheet of the accused drawings reveals the following material substantial similarities:

1. nearly identical general layout and approximate dimensions of all rooms;

2. nearly identical placement of rooms in both the downstairs and upstairs;[5]

3. nearly identical outside appearance in both the front and rear;

4. nearly identical types, locations and sizes of the windows and doors;

5. identical placement of fireplaces throughout house;

6. identical placement of desk, refrigerator, sinks and pantry in the kitchen;

7. identical placement of built-in bookcase in the den;

8. identical placement of the bathtub, toilet, and exhaust fan in second upstairs bath; and

9. identical placement of the shower, toilet and exhaust fan in third upstairs bath.

In fact, the drawings are overall virtually identical. The court therefore concludes that the overall similarities of the drawings far outweigh the relatively trivial differences. *See Wildlife Express*, 18 F.3d at 511. The close resemblance between the drawings sufficiently establishes the drawings are substantially similar as a matter of law.

**4.** *See* Group Exhibits 7 and 8, transparencies of plaintiff's copyrighted drawings and defendant's accused drawings respectively.

**5.** Defendant's drawings contain, however, a two-story foyer in place of Bedroom 5.

*CONCLUSION*

For the reasons stated above, plaintiff Harris Custom Builders' motion for summary judgment on the issue of liability is GRANTED and defendant Richard Hoffmeyer's motion for summary judgment is DENIED. The parties are strongly urged to discuss the settlement of the remaining issue of damages. The case is set for further status on March 6, 1995 at 10 a.m.