Billie Jean C. **BARLOW**, Plaintiff,

v.

**ESSELTE PENDAFLEX CORPORATION, METO DIVISION,** Defendant.

No. C–85–1061–WS.

United States District Court, M.D. North Carolina, Winston-Salem Division.

July 17, 1986.

Billie Jean C. Barlow, pro se.

Stephen M. Russell, William Kearns Davis, Richard V. Bennett, Winston-Salem, N.C., for defendant.

## ORDER

RUSSELL A. ELIASON, United States Magistrate.

The first matter concerns plaintiff's motion to compel discovery pursuant to Rule 37(a)(2), Fed.R.Civ.P. On December 31, 1985, plaintiff served on defendant her first set of interrogatories, 48 in number. On January 30, 1986, defendant filed objections to interrogatory numbers 27, 32, 33, 34, 37, 44, and 45, on the basis the information sought was either not relevant under Rule 26(b), Fed.R.Civ.P., or was confidential and would not be disclosed in the absence of a protective order. On February 3, 1986, defendant filed its answers to all interrogatories, other than those to which objection had been made. On June 24, 1986, counsel for defendant offered to answer the remaining interrogatories if plaintiff would sign a proposed consent protective order. The order would essentially limit plaintiff from further disclosing the information outside the lawsuit and requires she return it to defendant at the close of the action. Plaintiff responded by filing the motion to compel.

■ Defendant argues plaintiff has violated the Local Rules by failing to submit a brief in support of the motion or to otherwise allege grounds to support it, Local Rule 203, and for failing to make an attempt to resolve the dispute prior to seeking the motion, Local Rule 205. Defendant stands ready to produce the requested discovery if plaintiff executes the protective order, but points out she has abused the discovery process through her overly burdensome discovery requests.

Although plaintiff is proceeding *pro se*, it would not be unfair, or otherwise put her at a disadvantage, to require her to attempt a negotiation of the dispute as required by Local Rule 205. While defendant has not formally moved for a protective order, the one proposed to plaintiff is a perfectly proper and reasonable request due to the sensitive nature of the information requested, such as, personnel salaries, etc. The proposed order deserves some response from plaintiff other than a motion to compel. This is especially true in light of defendant's past cooperation in responding to what appears to be an inordinate amount of discovery. Additionally, plaintiff fails to offer any justification for not entering into the proposed consent order. Being a *pro se* litigant should not serve as a license to harass one's opponent or to require court intervention over every discovery dispute. Therefore, since plaintiff has not made any attempt to settle the dispute and has failed to show that defendant's proposed settlement is unfair, the Court will deny her motion to compel due to her failure to follow Local Rule 205. The denial is without prejudice to her filing a new motion within fifteen (15) days.

Next, plaintiff moves to extend discovery to allow defendant to answer the objected-to interrogatories. Discovery ended June 30, 1986. The extension is not necessary to allow the parties to negotiate the dispute or for the Court to rule on it. While discovery has ended, that does not prevent consideration of a motion to compel discovery. Therefore, the motion shall be denied.

■ Last, a dispute has arisen over plaintiff's deposition. Defendant wants plaintiff to pay $448.80 to cover the cost of her original deposition which was sent to her. The evidence shows that plaintiff was sent the original transcript of her deposition and requested to read and sign it, but instead, to use defendant's term, she "mutilated" it, to the point it is unusable. Plaintiff returned it to the court reporter with ink corrections, comments and cross references to other parts of the deposition, and she cut and pasted numerous pages into a different order. A review of this deposition amply confirms defendant's description. Additionally, the Court has in its possession an envelope with cut pieces of the deposition, apparently portions the plaintiff did not like. Upon receipt of this, the court reporter informed defendant by letter that he was unable to reassemble the transcript into usable form. Defendant argues that since plaintiff destroyed the transcript she should be required to pay for it. Plaintiff has not responded to the allegations.

The Court finds that it need not at this time require plaintiff to pay for the original transcript. Defendant evidently has other copies or can make them, which the Court will allow to serve in the place of the original. Without knowing whether a copy need be made and its cost, the Court is reluctant to grant defendant's request. However, it is clear that plaintiff's conduct merits sanctioning. The Court cannot and should not tolerate such conduct. Rule 30, Fed.R.Civ.P., and the Court's inherent powers provide a remedy for plaintiff's attempt to destroy the deposition.

Rule 30(e) requires that "[a]ny changes in form or substance which the witness desires to make shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them." Plaintiff returned the deposition to the reporter along with a 7–page correction list with over 100 corrections in a 260–page deposition, changing "yes" to "no" and vice versa, etc., and deleting large blocks of the deposition. (Even at that, the deposition itself reveals more changes than were on plaintiff's list.) She states she has even more changes.

Plaintiff's actions are at variance with the letter and spirit of Rule 30(e) and, therefore, her attempted "changes" are simply inoperable or a nullity. First, she failed to provide any reasons for the changes, as is required by the rule. 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2118 (Supp.1986). Second, because of the sheer number of changes and deletions she has made, it is virtually impossible for the reporter to enter the changes upon the deposition as he is required to do. *Id.* The manner and number of changes disclose a lack of good faith by plaintiff. Some courts have required that noncomplying deponents pay for the cost of the reporter amending the transcript and setting forth the reasons for the changes, and have even ordered reopening the examination at the deponent's expense if the amendments render the deposition useless. *Id.* at 188 n. 95. In this case, such remedies would not be adequate, as plaintiff is not merely noncompliant—she is obstreperous.

By virtue of either the sheer number of changes, or the cutting, pasting and mutilation, plaintiff has effectively destroyed her deposition and sabotaged the deposition process. In such circumstances, requiring the reporter to reassemble the deposition, or defendant to reexamine plaintiff, would not further the desired aim of keeping the discovery process as efficient and inexpensive as possible. It would instead reward harassing conduct, improper purposes, or unnecessary delay and costs in litigation, which in other parts of the civil rules are explicitly condemned. *See* Rule 11, Fed.R.Civ.P. Therefore, the Court believes the proper sanction here is to deem plaintiff to have refused to have signed, or to have waived signing of, the transcript as set out in Rule 30(e), Fed.R.Civ.P., and that the transcript be deemed an accurate representation of the deposition testimony. *Cf.* C. Wright & A. Miller, *supra*, § 2118, at 436 (1970). (In any event, the original an-

swers remain admissible even after amendment or correction.)

This remedy more nearly reflects the logical consequences of plaintiff's actions and it protects defendant who has already spent hours at the original deposition trying to ascertain plaintiff's position. As further protection, plaintiff shall bear the cost of one additional copy of the deposition if required for future proceedings in this action.

IT IS THEREFORE ORDERED that plaintiff's motion to compel answers to interrogatories pursuant to Rule 37(a)(2), Fed.R.Civ.P., be denied, without prejudice to a subsequent motion within fifteen (15) days of the filing of this Order. Plaintiff shall either sign the protective order proposed by defendant in connection with the objected to interrogatories, or in any subsequent motion to this Court expressly state just cause for failing to do so.

IT IS FURTHER ORDERED that plaintiff's motion to extend discovery be denied.

IT IS FURTHER ORDERED that in the matter of the April 30, 1986 deposition of plaintiff, her purported changes are hereby nullified and declared inoperative and the deposition shall be treated as if plaintiff refused to sign it or waived signing and the Reporter shall so certify it in accordance with this Order.

IT IS FURTHER ORDERED that plaintiff bear the cost of one additional copy of the transcript if the same is necessary in future proceedings in this action.