Houston, J.
Plaintiff David Griffin (Griffin) submitted an errata sheet and signature page to correct the transcript of his deposition. Defendant Michael Murphy (Murphy) now moves to suppress and strike the errata sheet and signature page pursuant to Mass.R.Civ.P. 32(d). For the reasons set forth below, the motion to suppress and strike is DENIED.
Rule 30(e) of the Massachusetts Rules of Civil Procedure, which contains language identical to that in Rule 30(e) of the Federal Rules of Civil Procedure, allows a deposition witness to make changes in the form or substance of the deposition transcript pro *154 vided the changes “shall be entered upon the deposition by the officer with a statement of the reasons given by the witness for making them.” Mass.R.Civ.P. 30(e). In this negligence action, Griffin was deposed under Rule 30. After reviewing a transcript of his deposition, he submitted an “errata sheet” containing 117 corrections in the transcript, but omitting any statement of reasons for the changes as called for by Mass.R.Civ.P. 30(e).
Although Rule 30(e) entitles Griffin to make changes in his deposition testimony, he must adhere to the rule’s procedures for making such changes. Griffin’s failure to submit any reasons for making the changes he proposes in his errata sheet was improper because Rule 30(e) requires him to state a specific reason for each of the 117 changes he desires to make. Sanford v. CBS, Inc., 594 F.Supp. 713, 715 (N.D. Ill. 1984).[3] While Griffin’s errata sheet and signature page need not be stricken, he must redress his omission by submitting a statement of reasons justifying each proposed change. The court reporter will amend the deposition transcript at Griffin’s expense so that it contains Griffin’s original testimony, his changed testimony, and his stated reasons for the change. Sanford v. CBS, Inc., supra, 594 F.Supp at 715.
Two other remedial measures are also necessary as a result of the large number of Griffin’s proposed changes. First, Murphy is entitled to reopen Griffin’s deposition and examine Griffin about matters pertaining to the changed answers, including why the changes were made and where the changes originated, whether with Griffin or his attorney. Lugtig v. Thomas, 89 F.R.D. 639, 642 (1981). Second, there must be a rehearing on the plaintiffs’ motion for summary judgment. Griffin’s proposed changes in his deposition testimony render the summary judgment record incomplete, and a rehearing based on the complete record is required.
ORDER
For the foregoing reasons, it is ORDERED:
1. That defendant Michael Murphy’s motion to suppress and strike plaintiff David Griffin’s errata sheet and signature page be DENIED;
2. That plaintiff David Griffin submit to this court a statement of reason for each of his 117 proposed changes in his deposition testimony;
3. That the transcript of plaintiff David Griffin’s deposition be amended at Griffin’s expense so that it reflects his original testimony, the change in his testimony, and the specific reasons for the change;
4. That defendant Michael Murphy may reopen plaintiff David Griffin’s deposition for the purpose of questioning him about his changed answers, the reasons for the changes, and the source and origination of the changes;
5. That should defendant Michael Murphy elect to reopen plaintiff David Griffin’s deposition, Griffin shall bear the expense;
6. That plaintiff David Griffin pay defendant Michael Murphy the cost of preparing and filing his motion to suppress and strike Griffin’s errata sheet and signature page;
7. That defendant Michael Murphy submit an affidavit to this court documenting the costs of preparing and filing his motion to suppress and strike plaintiff David Griffin’s errata sheet and signature page.
8. That there be a REHEARING on plaintiff David Griffin’s motion for summary judgment.

 Griffin may not rely upon general or conclusory reasons to satisfy Rule 30(e)’s requirements. He must state a specific reason to justify each change. Sanford v. CBS, Inc., supra, 594 F.Supp. at 715.