Jamaal ADAMS,

v.

ALLIED SECURITY HOLDINGS, et al.

No. CV 05–4920–GAF.

United States District Court,
C.D. California.

May 22, 2006.

Tyron J. Sheppard, Los Angeles, CA, for Plaintiff.

Jeremy T. Naftel, Anthony J. Zaller, Carlton DiSante & Freudenberger LLP, Sacramento, CA, Marty N. Martenson, Martenson, Hasbrouck & Simon LLP, Atlanta, GA, for Defendants.

PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE CHANGES TO DEPOSITION TESTIMONY OF JAMAAL ADAMS

CHAPMAN, United States Magistrate Judge.

On April 28, 2006, defendants filed a motion to exclude changes to deposition testimony of Jamaal Adams, a supporting legal memorandum, and the supporting declaration of Jonathan D. Loegel, with exhibits. On May 8, 2006, plaintiff filed his opposition to defendants' motion. Defendants did not file a reply. This matter is decided in Chambers without oral argument, pursuant to Local Rule 7–15.

## BACKGROUND

On July 6, 2005, plaintiff Jamaal Adams filed a complaint against his former employers setting forth six causes of action stemming from the termination of his employment as a security guard: (1) race discrimination/retaliation; (2) wrongful termination in violation of public policy; (3) breach of statutory duties under California Labor Code; (4) breach of contract; (5) breach of covenant of good faith and fair dealing; and (6) negligence. Plaintiff seeks unpaid wages, back pay and front pay, damages for emotional distress, reinstatement to his job, reasonable attorney's fees, punitive damages and other relief. On August 17, 2005, defendants filed their answer and raised numerous affirmative defenses.

On February 7, 2006, defendants took the deposition of plaintiff Jamaal Adams. The deposition transcript was certified by the Certified Shorthand Reporter on February 17, 2006. By letter date March 21, 2006, plaintiff's counsel submitted to defendants 38 "CHANGES TO BE MADE" to plaintiff's deposition; however, the changes were neither signed by plaintiff nor explained by him.

## DISCUSSION

Federal Rule of Civil Procedure 30(e) provides:

The deponent shall have 30 days after being notified by the officer that the tran-

script or recording is available in which to review the transcript or recording and, if there are changes in form or substance, **to sign a statement reciting such changes and the reasons given by the deponent for making them**. The officer shall indicate in the certificate prescribed by subdivision (f)(1) whether any review was requested and, if so, shall append any changes made by the deponent during the period allowed.

Fed.R.Civ.P. 30(e)(emphasis added).

Here, even a cursory review of Exhibits 3 and 4 to Mr. Loegel's declaration show that plaintiff has not complied with the requirements of Rule 30(e). First, plaintiff did not personally "sign a statement reciting [his] changes" to the deposition; rather, plaintiff's counsel submitted proposed changes to plaintiff's deposition to defendants without obtaining plaintiff's signature. Moreover, in his opposition to defendants' motion, plaintiff does not explain why he personally did not sign the proposed changes to his deposition. Since the deposition was of plaintiff, not plaintiff's counsel, only plaintiff can change his deposition testimony! To permit otherwise would drastically devalue the deposition of any party involved in litigation.

Second, plaintiff did not give "the reasons for making [the proposed changes to the deposition]." "A statement of reasons explaining corrections is an important component of errata submitted pursuant to FRCP 30(e), because the statement permits an assessment concerning whether the alterations have a legitimate purpose." *Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc.*, 397 F.3d 1217, 1224 (9th Cir.2005). Once again, in his opposition to defendants' motion, plaintiff does not explain his reasons for the proposed changes to his deposition.

Finally, despite plaintiff's counsel's claim that the proposed changes are merely "minor, nonmaterial and/or irrelevant [in] nature," Oppo. at 2:2, several of the proposed changes significantly alter plaintiff's responses to deposition questions. For example, at page 42, line 22, page 48, line 24, and page 61, line 14, the proposed changes would alter

plaintiff's response to a question from "no" to "yes" and at page 62, line 23, and page 66, line 20, the proposed changes would substantially alter plaintiff's answers. In fact, the only proposed changes of a minor, nonmaterial nature are those at page 65, line 12, and page 70, line 19.

For all these reasons, the Court grants defendants' motion to exclude changes to the deposition testimony of Jamaal Adams.[1]

## ORDER

Defendants' motion is granted, and this Order shall be provided to the Certified Shorthand Reporter so that the deposition transcript shall be treated as if plaintiff waived the signing of the deposition and the Certified Shorthand Reporter shall certify in accordance with this Order.

---

1. Since plaintiff has failed to comply with the requirements of Rule 30(e), it is unnecessary for the Court to determine whether the proposed changes are timely or are permissible under Rule 30(e).