**WYETH**

v.

**LUPIN LTD, et al.**

**Civil No. WDQ-07-632.**

United States District Court, D. Maryland.

May 15, 2008.

Michael B. MacWilliams, Christopher T. Latesta, Venable LLP, Baltimore, MD, Basil J. Lewris, Christina F. Szakaly, David Penn Frazier, John R. Alison, Leah A. Satine, Robert D. Bajefsky, Robert D. Litowitz, Finnegan Henderson Farabow Garrett and Dunner LLP, Peter T. Grossi, Jr., Arnold and Porter LLP, Washington, DC, Denise W. Defranco, Finnegan Henderson Farabow Garrett and Dunner LLP, Cambridge, MA, Robert Carroll Stanley, Finnegan Henderson Farabow Garrett and Dunner LLP, Atlanta, GA, for Plaintiff.

Jerrold A. Thrope, Gordon Feinblatt Rothman Hoffberger and Hollander LLC, Baltimore, MD, Alice Ching Ting Su, Caryn C. Borg Breen, Christopher T. Griffith, John E. Rosenquist, M. Daniel Hefner, Robert F. Green, Saumil S. Mehta, Leydig Voit and Mayer Ltd., Chicago, IL, for Defendants.

*MEMORANDUM OPINION*

SUSAN K. GAUVEY, United States Magistrate Judge.

Note: This opinion was filed on May 15, 2008, as an informal memorandum, however it did constitute an Order of the Court and was docketed accordingly.

This is a patent infringement case. The trial judge has referred to me resolution of all discovery disputes. By letter dated April 23, 2008, the plaintiff Wyeth filed a letter motion asking the Court to strike the errata sheet that Lupin served in the 30(b)(6) deposition and further asking that Lupin not be allowed to rely on the errata sheet at trial. A telephone hearing was held on May 5, 2008. For the reasons set forth below, the Court grants the motion to strike the errata sheet and prohibits Lupin from relying on the errata sheet at trial. However, nothing in this ruling limits the right of Lupin through appropriate witnesses to explain or otherwise attempt to ameliorate the effect of the deposition testimony during trial—as, of course, would be the case if an errata sheet was never submitted.

Rule 30 allows changes to deposition testimony in "form or substance" if made within 30 days of notification that the transcript is available and accompanied by the reasons for making them. Lupin did file the changes within the 30 days, but without any reasons. However, Lupin shortly thereafter filed reasons. Some courts have found that this procedural failure alone defeats an errata sheet submission. *See, e.g., Duff v. Lobdell–Emery Mfg. Co.,* 926 F.Supp. 799, 803–04 (N.D.Ind.1996). Others have excluded changes where deponent failed to provide specific non-conclusory reasons for changes. *See, e.g., Holland v. Cedar Creek Min., Inc.,* 198 F.R.D. 651, 653 (S.D.W.Va.2001). The parties agree that the changes are of substance, not form. The parties disagree, however, whether the substantive changes here are allowed under the Rule and case law.

As its Rule 30(b)(6) witness, Lupin produced Ms. Leslie Sands, a member of the Regulatory Affairs Department for the Lupin U.S. embassy. As stated in the hearing, Ms. Sands has considerable education and experience in scientific principles and product development. She has worked in the area of abbreviated new drug application filings for a number of years and is responsible for the processing of the filing of the abbreviated new drug application in this case. She admittedly had no personal knowledge as to any of the twenty-seven topics in this case, but was said to have been prepared to testify on the topics and was provided a "white paper" of scripted answers for her use during the deposition.[1]

Wyeth, of course, cannot dictate to Lupin whom it should produce as its 30(b)(6) designee. But the witness Lupin chooses to produce has "an affirmative obligation to be prepared on the noticed topics so that she could give complete, knowledgeable, and binding answers on behalf of the party." *Donald M. Durkin Contracting, Inc. v. City of Newark,* 2006 WL 2724882 at *5, 2006 U.S. Dist. LEXIS 68221 at *14–15 (D.Del. Sept. 22, 2006). Wyeth argues that the proposed changes to the 30(b)(6) testimony materially altered six of the deposition answers, affecting, in Wyeth's view, party admissions concerning a critical issue in the case—"copying of Wyeth's product." Lupin disagrees with the importance of the changes. The asserted claims, Lupin states, relate to certain properties that the drug formulation will have once administered to the human body—"in vivo"— and the changes relate to testimony regarding the product "in vitro." Moreover, Lupin argues Wyeth is not harmed by these corrections as the original answers remain part of the record and further that there is time to reopen the 30(b)(6) deposition to examine the witness on the changes.[2]

Courts are split on the latitude to be afforded a deponent under Fed.R.Civ.P. 30(e) to change his or her testimony with no controlling authority in the Fourth Circuit.

Some courts hold that if the procedural requirements of Rule 30(e) are met, a deponent may, by the literal language of the rule, change any and all of the "substance" of the deposition testimony. *See, e.g., Foutz v. Town of Vinton, Virginia,* 211 F.R.D. 293, 295 (W.D.Va.2002). Other courts interpret the rule as foreclosing changes that materially alter the testimony or contradict the testimony. *See, e.g., Rios v. Bigler,* 847 F.Supp. 1538, 1546–47 (D.Kan.1994). The Court agrees with the latter line of cases. Quoting the opt-cited decision *Greenway v. International Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992) the district court in Kansas described the types of corrections that are intended to be remedied by Rule 30(e).

The court recognizes that Fed.R.Civ.P. 30(e) allows a deponent to make changes to deposition testimony in form or substance. Nevertheless, the court finds that [the deponent's] errata sheets exceed the scope of the type of revisions contemplated by the Rule and serve only to improperly alter

---

1. There were Lupin employees with personal knowledge as to the topics as demonstrated by the White Paper which indicated those persons consulted in its preparation. Makrand Avachat had knowledge of a great number of topics. Lupin had, however, earlier indicated that its employees with personal knowledge were located in India, including Mr. Avachat.

2. Lupin also argues that four of the six corrected answers are not within the noticed topics, although no objection was raised at the deposition. At my request, Wyeth provided the deposition topics and documents to which the proposed corrections relate. (Paper No. 94). From my review, the questions appear to relate to one or more of the noticed topics.

what was testified under oath. As has been aptly acknowledged by the Tenth Circuit, a deposition is not a take home exam. *See Garcia v. Pueblo Country Club,* 299 F.3d 1233, 1242 (10th Cir.2002) (quoting *Greenway v. Int'l Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992)). The errata sheet "clarifications" in this case are akin to a student who takes her in-class examination home, but submits new answers only after realizing a month later that the import of her original answers could possibly result in a failing grade.

*Id.; see also Paul Harris Stores, Inc. v. PricewaterhouseCoopers, LLP,* 2006 WL 2644935, at *3 (S.D.Ind. Sept.14, 2006) (stating that where it is "apparent to the Court that [a party] seeks to 'undo' the testimony of its 30(b)(6) witnesses by adding errata," the errata should be stricken as "really no more than 'lawyers' statements,' attempting to deflect potentially detrimental testimony"); *Eckert v. Kemper Fin. Servs., Inc.,* 1998 WL 699656 at *5 (N.D.Ill. Sept.30, 1998) (precluding "wholesale changes to previous sworn testimony" that was, in fact, a "damaging [party] admission").

The undersigned has examined the six proposed corrections. They do not clarify but materially change the answers. They do indeed represent lawyerly fixing of potentially problematic testimony for Lupin. The original answer nos. 1, 2, 5 and 6 were a simple "yes." (Exhibit B to Paper No. 95). In the errata sheet, Lupin provided a qualification apparently consistent with its view of the case, but not necessarily how the simple yes would be interpreted. The corrections to nos. 5 and 6 markedly changed the answers, with information added. The correction to answer nos. 3 and 4 were a similar lawyerly amendment of the answers to comport with Lupin's theory of the case. Lupin attempts to exert ultimate control over its 30(b)(6) testimony. But Lupin chose its designee and prepared its designee. Its designee was obviously highly experienced, skilled and educated in the general subject matter, though not in the particular product formulation. The witness had documents before her upon which she was questioned. While she may have had no personal knowledge of these precise documents, she certainly had familiarity with similar documents and issues.

There was no apparent witness intimidation or badgering. Wyeth argues that the 30(b)(6) witness gave honest answers based on the documents before her and the questions presented. Lupin had the opportunity to cross examine her to complete the record or clear up now asserted ambiguities. To allow these types of corrections would undermine the Rule 30(b)(6) deposition. An interpretation of liberal—indeed unlimited—amendments and corrections would discourage the careful preparation of 30(b)(6) witnesses. Rather than advancing the pursuit of truth in discovery, a policy of liberal "amendments" and "corrections" would encourage and intensify lawyer wordsmithing and parsing.

Of course, Lupin can, consistent with the rules of procedure and rules of evidence, present to the trier of fact the changes and additions that it seeks to make to the 30(b)(6) testimony through its errata sheet. What the Court is saying is that Lupin cannot change testimony in a material way, simply because on review, it does not like the answer as given. Any other result, would, in my view, undermine the Rule 30(b)(6) deposition and unnecessarily protract discovery.