**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,
Plaintiff,**

**and**

**Maurice Knox, Plaintiff–Intervenor,**

**v.**

**SKANSKA USA BUILDING,
INC., Defendant.**

**No. 10–cv–2717 M1/P.**

United States District Court,
W.D. Tennessee,
Western Division.

Jan. 24, 2012.

---

Faye A. Williams, Kenneth P. Anderson, Matthew H. McCoy, Equal Employment Opportunity Commission, Memphis, TN, for Plaintiff.

Donald A. Donati, William B. Ryan, Bryce William Ashby, Donati Law Firm, LLP, Memphis, TN, for Plaintiff–Intervenor.

Rupert Bradley Adams, Littler Mendelson, PC, Mobile, AL, Jacqueline E. Kalk, Littler Mendelson, PC, Minneapolis, MN, for Defendant.

### ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ERRATA SHEET CHANGES

TU M. PHAM, United States Magistrate Judge.

Before the court by order of reference is plaintiff Equal Employment Opportunity Commission and plaintiff-intervenor Maurice Knox's (collectively, "EEOC") Motion to Strike Defendant's Errata Sheet Changes, filed on December 1, 2011. (ECF No. 60.) Defendant Skanska USA Building, Inc. ("Skanska") filed a response in opposition on December 14, 2011. For the reasons below, the EEOC's motion is GRANTED.

### I. BACKGROUND

The EEOC brings this lawsuit on behalf of Maurice Knox and a class of African–American workers employed by Skanska as buck

hoist operators at one of Skanska's construction sites in Memphis, Tennessee. The EEOC alleges that these workers were subjected to a race-based hostile work environment and were retaliated against because of their opposition to the alleged racial harassment. On October 12, 2011, the EEOC conducted a Rule 30(b)(6) deposition of Skanska's corporate designee, Lynn D. Shavelson. Shavelson is Skanska's Ethics and Compliance Officer, as well as Skanska's Corporate Counsel for its New York metropolitan region. During this deposition, the EEOC questioned Shavelson regarding Skanska's knowledge of an incident that occurred on August 19, 2009, when Knox claims that an unidentified Skanska employee threw a mixture of urine and portable toilet chemicals on Knox while at the construction site. Shavelson provided the following responses to the EEOC's questions about this incident:

Q. Was it clear to Skanska management beginning August 19 that Mr. Knox believed that someone throwing the mixture of urine and chemicals on him was race related?

A. Yes.

Q. So on August 19 when the two people from the Skanska management team went out to physically investigate the buck hoist, they were aware at that time that Mr. Knox's allegation was race related?

A. Yes.

(Shavelson Dep. 154:18–155:3). At the conclusion of the deposition, Shavelson reserved her right to review her deposition transcript pursuant to Federal Rule of Civil Procedure 30(e)(1). On November 11, 2011, Shavelson timely executed an errata sheet in which she changed her answers to the two questions quoted above from "Yes" to "No." The reason offered for the change was that "Skanska FIRST was made aware that Knox incident alleged to have taken place on August 19 was 'race related,' upon receipt of Gerald Neely's letter to Mike Rayburn, dated August 21, 2009." In connection with the parties' summary judgment briefing, on December 12, 2011, the EEOC filed its Response to Defendant's Consolidated Statement of Undisputed Material Facts, in which it cited Shavelson's deposition testimony in support of the additional fact that "Skanska knew on August 19, 2009 that Mr. Knox believed the throwing of

a mixture of urine and chemicals on him by a white worker was raced related." (ECF No. 70, ¶ 73.) On January 12, 2012, Skanska filed its Response to Plaintiff EEOC's Statement of Additional Facts, stating that it disputed the EEOC's additional fact in paragraph 73 and citing, among other documents, Shavelson's errata sheet. (ECF No. 82.)

In the present motion, the EEOC opposes Skanska's attempt to use an errata sheet to change Shavelson's deposition testimony, arguing that Rule 30(e)(1) does not permit a deponent to change testimony that was otherwise accurately transcribed by the court reporter. The EEOC also contends that Shavelson's errata sheet does not comply with the procedural requirements of Rule 30(e)(1) because it fails to provide the specific reasons for the proposed changes to the testimony.

## II. ANALYSIS

Federal Rule of Civil Procedure 30(e) governs a deponent's right to review and make changes to a deposition transcript. The Rule states as follows:

(1) **Review; Statement of Changes.** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) **Changes Indicated in the Officer's Certificate.** The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30–day period.

Fed.R.Civ.P. 30(e).

■ As an initial matter, the EEOC argues that Skanska's errata sheet does not comply with Rule 30(e)'s procedural requirements because it fails to provide the specific reasons for the proposed changes to the testimony. The court disagrees. The errata

sheet states that "Skanska FIRST was made aware that Knox incident alleged to have taken place on August 19 was 'race related,' upon receipt of Gerald Neely's letter to Mike Rayburn, dated August 21, 2009." Based on this explanation, the EEOC was sufficiently advised that Skanska took the position that it initially became aware of the race-based claim on August 21, not August 19 as testified to by Shavelson. Moreover, by letter dated November 28, 2011 from Skanska's counsel, Skanska provided the EEOC with a more detailed explanation for the proposed changes:

> This letter is in response to your request last week that Skanska withdraw Ms. Shavelson's errata sheet. As we discussed, Ms. Shavelson's changes were made simply to clarify her testimony. On August 19, Mr. Neely [owner of C–1] was meeting with Mr. Rayburn [Executive Superintendent for Skanska] and others regarding various issues involving the buckhoist operations at the site. During that meeting, Mr. Knox arrived and raised his claim about urine being thrown at him while he was operating the hoist, Mr. Knox did not raise race as an issue at that time. Thus, when Skanska then went to inspect the buckhoist area a few minutes later, Mr. Knox had not suggested that the urine incident was racial in nature. While Mr. Neely may have raised issues about the treatment of buckhoist operators and the use of racial terms during that meeting, Mr. Neely's concerns were separate from Mr. Knox's allegation regarding urine. Ms. Shavelson wanted to be clear in her testimony that those were separate events and as the testimony read the questions and answers seemed to conflate the issues. . . .

(Def.'s Mem. in Opposition to Pla.'s Motion to Strike Def.'s Errata Sheet Changes, Ex. F.) The court finds that Skanska has satisfied the procedural requirements of Rule 30(e).

Next, the EEOC contends that Rule 30(e) does not authorize Shavelson to change her responses from "Yes" to "No." Several Courts of Appeals have offered differing views on whether Rule 30(e) permits a deponent to change deposition testimony where those changes contradict the original answers. A thorough discussion of these differing views can be found in *Devon Energy Corp. v. Westacott,* No. H–09–1689, 2011 WL 1157334, at *4–6 (S.D.Tex. Mar. 24, 2011). As the court in *Devon Energy* explained, the Sixth Circuit is apparently the "[o]ne court of appeals [that] permits a deponent to correct only typographic and transcription errors." *Id.* at *5 (citing *Trout v. FirstEnergy Generation Corp.,* 339 Fed.Appx. 560, 565–66 (6th Cir.2009) (stating that Rule 30(e) does not allow a deponent to alter what was said under oath)).[1]

Other circuits interpret Rule 30(e) differently. The Second Circuit permits a deponent to change deposition testimony even if they contradict the original answers. *Devon Energy,* 2011 WL 1157334 at *4–5 (citing *Podell v. Citicorp Diners Club, Inc.,* 112 F.3d 98, 103 (2d Cir.1997)). "Under this approach, the fact and extent of the change are treated as subjects for impeachment that may affect a witness's credibility." *Id.* at *5. Moreover, "[t]he changed version does not replace the original testimony, which remains part of the record on which the witness may be examined and impeached." *Id.*

Other Courts of Appeals apply an analysis similar to the "sham affidavit" rule applicable

---

**1.** Skanska relies on *Carter v. Ford Motor Co.,* 561 F.3d 562 (6th Cir.2009), in support of its position. In that case, the plaintiff brought allegations of sex discrimination and violations of the Family Medical Leave Act ("FMLA") against the defendant in connection with her two terminations from employment in 2005 and 2006. During her deposition, the plaintiff testified that her lawsuit only included the 2006 termination. After the defendant moved for summary judgment, the plaintiff filed an affidavit that purported to explain why, since her deposition, she had come to believe that her FMLA claim included the 2005 termination. The district court struck the affidavit from the record and granted summary judgment for the defendant. On appeal, the panel affirmed the district court's ruling, and noted in passing that "[o]nce Carter had information that would have caused her to reconsider her deposition testimony regarding the scope of her claims, she had several options. Under Rule 30(e)(1)(B), she had thirty days following her deposition to make changes 'in form or substance.' " *Id.* at 568. However, *Carter* involved an affidavit—not an errata sheet—and therefore issues relating to the scope of Rule 30(e)(1) were not before the court.

to an affidavit that contradicts the affiant's prior deposition testimony. *Id.* at *5–6 (citing *EBC, Inc. v. Clark Building Sys., Inc.,* 618 F.3d 253, 268 (3d Cir.2010); *Hambleton Bros. Lumber Co. v. Balkin Enterprises,* 397 F.3d 1217, 1225 (9th Cir.2005); *Burns v. Bd. of Cnty. Comm'rs,* 330 F.3d 1275, 1282 (10th Cir.2003); *Thorn v. Sundstrand Aerospace Corp.,* 207 F.3d 383, 389 (7th Cir.2000)). As noted in *Devon Energy,* the Seventh and Tenth Circuits "follow a relatively strict form of the sham-affidavit approach, allowing the deponent to 'change his deposition from what he said to what he meant' if the change does not directly contradict the original testimony," but that " 'a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.' ' " *Id.* at *6 (quoting *Thorn,* 207 F.3d at 389). The Third Circuit, on the other hand, employs a more flexible, case-by-case approach to the sham-affidavit analysis, "allowing 'contrary errata if sufficiently persuasive reasons are given, if the proposed amendments truly reflect the deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted.' " [2] *Id.* (quoting *EBC, Inc.,* 618 F.3d at 270).

Not surprisingly, the district courts also apply various analyses when deciding whether to permit a deponent to substantively change deposition testimony through an errata sheet. *Compare Reilly v. TXU Corp.,* 230 F.R.D. 486, 489–92 (N.D.Tex.2005); *Foutz v. Town of Vinton,* 211 F.R.D. 293, 295 (W.D.Va.2002); *DeLoach v. Philip Morris Cos., Inc.,* 206 F.R.D. 568, 572–73 (M.D.N.C. 2002); *Elwell v. Conair, Inc.,* 145 F.Supp.2d 79, 86–87 (D.Me.2001); *Holland v. Cedar Creek Mining, Inc.,* 198 F.R.D. 651, 653 (S.D.W.Va.2001); *Titanium Metals Corp. v. Elkem Mgmt., Inc.,* 191 F.R.D. 468, 472 (W.D.Pa.1998); *United States ex rel. Burch v. Piqua Eng'g, Inc.,* 152 F.R.D. 565, 566–67 (S.D.Ohio 1993); *Sanford v. CBS, Inc.,* 594 F.Supp. 713, 714–15 (N.D.Ill.1984); *Lugtig v. Thomas,* 89 F.R.D. 639, 641 (N.D.Ill.1981); and *Allen & Co. v. Occidental Petroleum Corp.,* 49 F.R.D. 337, 340 (S.D.N.Y.1970),

*with E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 277 F.R.D. 286, 296–98 (E.D.Va.2011); *Wyeth v. Lupin Ltd.,* 252 F.R.D. 295, 297 (D.Md.2008); *Adams v. Allied Sec. Holdings,* 236 F.R.D. 651, 652 (C.D.Cal.2006); *Wigg v. Sioux Falls Sch. Dist. 49–5,* 274 F.Supp.2d 1084, 1090–91 (D.S.D.2003); *Summerhouse v. HCA Health Servs. of Kan.,* 216 F.R.D. 502, 504–08 (D.Kan.2003); *Coleman v. S. Pac. Transp. Co.,* 997 F.Supp. 1197, 1201 (D.Ariz.1998); *S.E.C. v. Parkersburg Wireless LLC,* 156 F.R.D. 529, 535–36 (D.D.C.1994); *Rios v. Welch,* 856 F.Supp. 1499, 1502 (D.Kan.1994); *Greenway v. International Paper Co.,* 144 F.R.D. 322, 325 (W.D.La.1992); *Barlow v. Esselte Pendaflex Corp.,* 111 F.R.D. 404, 406 (M.D.N.C.1986).

The court finds particularly persuasive the discussion of Rule 30(e) in the oft-cited *Greenway* case:

> The purpose of Rule 30(e) is obvious. Should the reporter make a substantive error, i.e., he reported "yes" but I said "no," or a formal error, i.e., he reported the name to be "Lawrence Smith" but the proper name is "Laurence Smith," then corrections by the deponent would be in order. The Rule cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the questions with no thought at all then return home and plan artful responses. Depositions differ from interrogatories in that regard. A deposition is not a take home examination.

*Greenway,* 144 F.R.D. at 325. And as the court in *Kolon Indus.* recently explained:

> The purpose of a deposition is to memorialize testimony or to obtain information that can be used at trial or that eliminates the pursuit of issues or that inform decisions as to the future course of the litigation. One of the main purposes of the discovery rules, and the deposition rules in particular, is to elicit the facts before the trial and to memorialize witness testimony before the recollection of events fade or "it has been altered by ... helpful suggestions of lawyers." Those purposes are disserved by allowing deponents to "answer

---

**2.** After analyzing these different approaches, the *Devon Energy* court adopted the Third Circuit's case-specific approach. *Id.*

questions [at a deposition] with no thought at all" and later to craft answers that better serve the deponent's cause. Indeed, to allow such conduct makes a mockery of the serious and important role that depositions play in the litigation process. *Kolon Indus.,* 277 F.R.D. at 297 (internal citation omitted).

Based on *Trout* and the *Greenway* line of cases, the court concludes that Skanska cannot change Shavelson's responses from "Yes" to "No" by way of an errata sheet under Rule 30(e). However, this prohibition against using an errata sheet to change deposition testimony does not necessarily prohibit a deponent from submitting an affidavit that contradicts prior testimony. Under those circumstances, the court would apply the well-established "sham fact" or "sham affidavit" analysis. *See Balding–Margolis v. Cleveland Arcade,* 352 Fed.Appx. 35, 40 (6th Cir.2009); *Aerel, S.R.L. v. PCC Airfoils, L.L.C.,* 448 F.3d 899, 908 (6th Cir.2006).

## III.  CONCLUSION

For the reasons above, the EEOC's Motion to Strike Defendant's Errata Sheet Changes is GRANTED.

IT IS SO ORDERED.